UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAVO MASCORRO-MARTINEZ,

      Movant,

                                                   File No. 1:05-CV-600

v.

                                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                        /

## **OPINION**

      This matter comes before the Court on Movant Gustavo Mascorro-Martinez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## **I.**

      On December 13, 2004, Movant entered a plea of guilty pursuant to a written plea agreement to one count of being present in the United States after having been deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a). On March 15, 2005, he was sentenced to a term of 37 months. Movant did not appeal his conviction or sentence.

      On September 2, 2005, Movant filed the instant § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the

petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Although the allegations in his petition are scanty, Movant appears to argue that his sentence was imposed in violation of his Sixth Amendment rights because this Court increased his sentence based on findings of fact that were not found by a jury and were not admitted by Movant, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Because he failed to raise his claim on direct appeal Movant's Sixth Amendment claim is procedurally defaulted. *Bousley*, 523 U.S. at 622. As a result, in order for the Court to consider the claim, Movant first must demonstrate either cause for the default and actual prejudice or that he is actually innocent.

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a

3

defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170. Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for his procedural default, Movant appears to claim that he was deprived of the effective assistance of counsel when counsel failed to object at sentencing to consideration of his prior conviction and deportation and failed timely to appeal as of right. Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As a consequence, in determining Movant's claim that counsel was ineffective in failing to object at sentencing or to file an appeal, the Court also will resolve whether Movant's Sixth Amendment claim may be reviewed notwithstanding the procedural default.

To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that

counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489 (emphasis added). Subsequently, in *Blakely*, 542 U.S. 296, the Supreme Court expanded the holding in *Apprendi* to find that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The *Blakely* decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines. In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines. The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established

by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

In the instant case, no *Booker* violation has occurred. The only finding affecting sentencing in the instant case was that Movant previously had been deported after sustaining a conviction for an aggravated felony drug trafficking offense. The finding is expressly reserved by *Booker* as a finding of a prior conviction, for which a defendant need not admit guilt or be found by a jury in the instant proceeding. *Id.* at 756. Further, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court specifically held that a court may permissibly increase an alien's sentence to reflect his prior convictions, even where the indictment did not allege those prior convictions and they were not found to exist by a jury. The Sixth Circuit has held that *Almendarez-Torres* was not overruled by *Apprendi*, *Blakely*, and *Booker*. *See United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005). *See also United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1314 (11th Cir. 2005); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 n.1 (10th Cir. 2005); *United States v. Cordoza-Estrada*, 385 F.3d 56, 59-60 (1st Cir. 2004).

Accordingly, this Court committed no Sixth Amendment error at sentencing. Because no Sixth Amendment violation occurred, counsel was not ineffective for failing to challenge such error.

6

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:   January 30, 2006              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE